IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3: 11-CV-00448

| | |
|---|---|
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS YOUNG, JR., MARK YOUNG, JOSEPH YOUNG, KYRANECIA ARMSTRONG, ASHLEY YOUNG, ERIC S. GEORGE FUNERAL HOME, and THE FUNERAL HOME FUNDING CENTER, INC.,<br><br>Defendants. | **ORDER** |

THIS MATTER is before the Court on Interpleader-Defendant Funeral Home Funding Center, Inc. ("Funeral Funding") Motion to Disburse Interpleader Funds (Doc. No. 31). No party has responded to the motion, and the time for doing so has well-expired. For the reasons stated in the Motion, the Court finds that that sufficient grounds exist to GRANT the motion.

**FINDINGS OF FACT**

Upon consideration of the entire court record for this matter, including the pleadings that appear to be uncontested, as well as Funeral Funding's uncontested Motion to Disburse Interpleader Funds, the Court finds the following to be uncontroverted facts:

1. On September 14, 2011, Plaintiff filed a Petition for Interpleader styled as captioned above (the "Interpleader Action"). (Doc. No. 1).

2. The Interpleader Action relates to the Whole Life Insurance Policy, Policy No. AA721481 (the "Policy") issued by Plaintiff on behalf of Mary L. Young ("Mary").[1] (Doc. No. 1,

---

[1] Because several parties have the same last name of Young, the Court refers to the parties by their first name.

Exhibit B). The Policy's beneficiary was first designated as Thomas Young, Jr. ("Thomas"), primary beneficiary, and Mark Young ("Mark"), contingent beneficiary. Mark and Thomas are two of Mary's sons.

3. On June 2, 2009, Mary changed the beneficiary of the Policy and designated Joseph Young ("Joseph"), Mary's other son, as the primary beneficiary and Thomas as contingent beneficiary. (Doc. No. 1, Exhibit C).

4. On January 2, 2010, Mary appointed Kyranecia Armstrong ("Kyranecia"), Mary's granddaughter, as her attorney-in-fact and to handle all of her "insurance transactions." (Doc. No. 1, Exhibit D).

5. On July 21, 2010, Mary changed the beneficiary of the Policy and designated Joseph as the primary beneficiary and Ashley Young ("Ashley"), Mary's granddaughter, as the contingent beneficiary. (Doc. No. 1, Exhibit E).

6. On December 30, 2010, Mary changed the beneficiary of the Policy and designated Kyranecia as the beneficiary of the Policy. (Doc. No. 1, Exhibit F).

7. On July 5, 2011, Mary passed away. At the time of Mary's death, the Policy proceeds totaled $8,030.00 plus $121.74 of premium refund.

8. On July 12, 2011, Kyranecia executed an Irrevocable Assignment in the amount of $4,703.92 to Eric S. George Funeral Home (the "Funeral Home"). (Doc. No. 1, Exhibit G). On July 18, 2011, Joseph executed an Irrevocable Assignment in the amount of $4,703.92 to the Funeral Home. (Doc. No. 1, Exhibit H).

9. On July 12, 2011, the Funeral Home reassigned the Policy proceeds associated with Mary's funeral expenses in the amount of $4,703.92 to Funeral Funding. (Doc. No. 26, Exhibit A; see also Doc. No. 1, Exhibit I).

10. After Plaintiff filed this action, tendered the Policy proceeds to the Clerk, and provided proof of service and publication on the record, the Court granted Plaintiff's unopposed motion for discharge and ordered that Plaintiff be relieved from any further liability under the Policy. (Doc. No. 30).

### CONCLUSIONS OF LAW

As an initial matter, the Court construes Funeral Funding's motion as also including a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure as his right to proceeds in the amount of $4,703.92. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In other words, summary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law." McKinney v. Bd. of Trustees of Mayland Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992) (citations omitted).

Here, Defendants and alleged Stakeholders, Thomas, Mark, Joseph, Kyranecia, Ashley, and the Funeral Home have failed to respond, claim entitlement to the proceeds of the Policy, respond to Funeral Funding's Motion to Disburse Interpleader Funds and/or otherwise appear in this action. The Court has reviewed the pleadings and exhibits thereto and concludes that based on the uncontested facts, as well as the plain terms of the Policy, Irrevocable Assignment to the Funeral Home, and the Funeral Home's reassignment of the Policy proceeds, Defendant Funeral Funding is entitled to summary judgment on its claim for proceeds in the amount of $4,703.92.

Based on the conclusions of law and the findings of fact herein, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Disburse Interpleader Funds (Doc. No. 31) is GRANTED. The Clerk of Court is respectfully DIRECTED to enter judgment for The Funeral Home Funding Center, Inc., and disburse the funds deposited with the Clerk of Court by Plaintiff-

Interpleader American General Life in the amount of $4,703.92 with accrued interest to Funeral Home Funding Center, Inc.

IT IS FURTHER ORDERED that the Clerk is respectfully DIRECTED to move the remaining Policy proceeds to the Unclaimed Funds Account pursuant to the Guide to Judiciary Policies and Procedures Volume 13 Chapter 10 § 1010.50. The Clerk shall also administratively CLOSE THE CASE, thereby removing it from the Court's active docket subject to re-opening upon a motion by an appropriate party to assert a claim for the remaining Policy proceeds. Although this case will be ADMINISTRATIVELY CLOSED, this case is not dismissed, and the Court retains full jurisdiction over this case until further Order from the Court.

IT IS SO ORDERED.

Signed: March 5, 2013

Frank D. Whitney
United States District Judge